**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | No. 4:04CR324-DJS |
| ) | |
| **HARRY MEYER KATZ,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

The government proposes to introduce testimony at sentencing by Sally Bacon and Christine Martchink. Defendant has filed a motion to exclude the testimony of Ms. Bacon and Ms. Martchink. The motion is now fully briefed.

Ms. Bacon is the mother of Steve Bacon, who committed suicide on or about December 18, 2002. Ms. Bacon charges that her son was a former patient of the defendant and has filed suit in state court alleging that the defendant is responsible for her son's death. The government believes that Ms. Bacon, and presumably Ms. Bacon's husband Dallas, are "victims' representatives" under the Crime Victims' Rights Act (CRVA). Ms. Martchink has filed a letter with the Court in which she states that after her ex-husband became a patient of the defendant, he became erratic and abusive. Ms. Martchink contends that the defendant is responsible for her ex-husband's behavior. The government contends that Ms. Martchink and her children are "victims" under the CRVA.

The CRVA provides that in "any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded" certain rights, including the right to be "reasonably heard" at sentencing. 18 U.S.C. §3771(a) & (b). A crime victim is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. §3771(e). The CRVA also states that in the case of a crime victim who is "incompetent, incapacitated, or deceased . . . family members . . . may assume the crime victim's rights." Id.

In the case at bar, neither the Bacons nor Ms. Martchink and her children qualify as victims or victims' representatives. The Second Superseding Indictment does not refer to any conduct involving the Bacons' son or Ms. Martchink's ex-husband. Thus, the sentencing is not a "court proceeding involving an offense against" the Bacons' son or Ms. Martchink's ex-husband. 18 U.S.C. §3771(b). Furthermore, the plain language of the CRVA requires that a victim be "directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. §3771(e). Here, there has been no determination that the defendant committed a Federal offense in connection with either the Bacons' son or Ms. Martchink's ex-husband. Additionally, in the case of Ms. Martchink, the Court is not persuaded that her claimed harm was directly or proximately caused by defendant's conduct. Thus, neither the Bacons nor Ms. Martchink and her children are entitled to the status as victims or victims' representatives

2

under the CRVA.  The Court will therefore grant defendant's motion and exclude the testimony of Ms. Bacon and Ms. Martchink.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion in limine for sentencing hearing [Doc. #148] is granted and the proposed testimony of Sally Bacon and Christine Martchink is excluded.

Dated this ___29th___ day of June, 2005.

/s/Donald J. Stohr  
UNITED STATES DISTRICT JUDGE